Jeremy S. Golden (SBN 228007)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
cory@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVINESH SINGH,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET MORTGAGE, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1) This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting.

//

//

## II.  JURISDICTION AND VENUE

2) Jurisdiction of this Court arises under 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3) Plaintiff RAVINESH SINGH is a natural person residing in the State of California, County of Sacramento.

4) Defendant ROCKET MORTGAGE, LLC ("ROCKET MORTGAGE") at all times relevant is a company doing business in Sacramento County, California operating from an address at 1050 Woodward Avenue, Detroit, MI 48226.  ROCKET MORTGAGE is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the company's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25.  ROCKET MORTGAGE furnishes consumer information to consumer reporting agencies.

5) Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") at all times relevant was a corporation doing business in Sacramento County, California operating from an address at 475 Anton Blvd., Costa Mesa, CA 92626.  EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.  EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

6) Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in Sacramento County, California operating from an address at 1550 Peachtree Street NW, H46, Atlanta, GA 30309. EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is

regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

7)  Defendant TRANS UNION LLC ("TRANS UNION") at all times relevant was a limited liability company doing business in Sacramento County, California operating from an address at 555 W Adams St., Chicago, IL 60661. TRANS UNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

8)  The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

### IV.  FACTUAL ALLEGATIONS

9)  Plaintiff had a mortgage that was serviced by ROCKET MORTGAGE (the "Account").

10)  In May 2019, Plaintiff filed for Chapter 7 Bankruptcy and included the Account in the bankruptcy.  In August 2019, Plaintiff's personal liability for the Account was discharged through the bankruptcy.

11) ROCKET MORTGAGE sends Plaintiff monthly billing statements regarding the Account and references in the monthly billing statements that the Account "is associated with an active bankruptcy case or the personal liability for the mortgage may have been discharged in bankruptcy" or words to that effect.

12) Despite ROCKET MORTGAGE's knowledge of Plaintiff's bankruptcy, ROCKET MORTGAGE erroneously reported the Account to Plaintiff's EXPERIAN, EQUIFAX, and TRANS UNION (collectively known as "the CRAs") credit files by reporting a balance due as to Plaintiff.

13) The CRAs were also on notice of Plaintiff's bankruptcy discharge as they were reporting it; yet continued to report the ROCKET MORTGAGE account with a balance due.

14) The information ROCKET MORTGAGE reported to the CRAs is false as Plaintiff's personal liability for the Account was discharged through the bankruptcy and no balance is due by Plaintiff.

15) ROCKET MORTGAGE and the CRAs negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

16) ROCKET MORTGAGE and the CRAs further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

17) Despite Defendants' knowledge that Plaintiff's personal liability for the Account was discharged through the bankruptcy, it continued its credit reporting efforts.

18) As a result of Defendants' conduct, Plaintiff's credit worthiness has been damaged. Plaintiff further suffered emotional distress.

## V.  FIRST CLAIM FOR RELIEF
**(Against Defendants EXPERIAN, EQUIFAX, and TRANS UNION and DOES 1-10 for Violations of the FCRA)**

19) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

20) The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files it published and maintains concerning Plaintiff.

21) The CRAs unlawful conduct damaged Plaintiff as referenced above.

22) The CRAs' unlawful conduct was willful.

23) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

24) Plaintiff is further entitled to recover costs and attorneys' fees from the The CRAs pursuant to 15 U.S.C. §§1681n and/or 1681o.

## VI.  SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

25) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

26) Defendants violated the CCRAA, by including but not limited to, the following:

    (a) The CRAs violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff; and

    (b) ROCKET MORTGAGE violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that ROCKET MORTGAGE knew or should have known was incomplete or inaccurate.

27) Defendants' acts as described above were done negligently and/or intentionally.

28) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

29) Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

//
//
//
//

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorneys' fees;

(d) Punitive damages; and

(e) For such other and further relief as the Court may deem just and proper.

Date: April 28, 2023

Cory M. Teed
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: April 28, 2023

Cory M. Teed
Attorney for Plaintiff